IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| NET NAVIGATION SYSTEMS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CISCO SYSTEMS, INC. AND AT&T INC., <br><br> Defendants. | Civil Action No. 4:11-cv-660 <br><br> JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Plaintiff Net Navigation Systems, LLC ("Net Navigation" or "Plaintiff"), for its Complaint against defendants Cisco Systems, Inc. ("Cisco") and AT&T Inc. ("AT&T") (collectively "Defendants") alleges the following:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq*.

## THE PARTIES

2. Plaintiff Net Navigation is a limited liability company organized under the laws of the State of Texas with its principal place of business at 106 Fannin Avenue, Round Rock, Texas 78664.

3. Defendant Cisco is a corporation organized under the laws of the State of California with its principal place of business at 170 West Tasman Drive, San Jose, California 95134. Cisco's registered agent for service is:

> Prentice Hall Corporation System
> 211 E. 7th Street, Suite 620

   Austin, Texas 78701-3218

4. Defendant AT&T is a corporation organized under the laws of the State of Delaware with its principal place of business at 208 S. Akard Street, Dallas, Texas, 75202. AT&T's registered agent for service is:

   CT Corporation System
   350 N. Saint Paul St., Suite 2900
   Dallas, Texas 75201-4234

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

7. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due to their substantial business in this forum, including a portion of the acts constituting direct and/or indirect infringement as alleged herein occurring within this forum.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

## JOINDER

9. Joinder is proper under 35 U.S.C. § 299. The allegations of infringement contained herein arise out of the same series of occurrences relating to the sale and use of the same accused products or processes, including, but not limited to, Defendants' sale and/or use of the Cisco ASR 1000 Series Aggregation Services Routers.

10. Questions of fact relating to the infringement of the Cisco ASR 1000 Series Aggregation Services Routers common to all Defendants will arise in the action.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,625,122 B1

11.     The allegations set forth in the foregoing paragraphs 1 through 10 are incorporated into this First Claim for Relief.

12.     On September 23, 2003, the 6,625,122 B1 Patent ("the '122 Patent"), entitled "Selection of Data for Network Transmission," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '122 Patent is attached as Exhibit A to this Complaint.

13.     Net Navigation is the assignee and owner of the right, title and interest in and to the '122 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

14.     In violation of 35 U.S.C. § 271, Defendants have directly infringed the '122 Patent by making, using, importing, selling, and/or offering for sale in the United States, including within this judicial district, networking products capable of providing priority to different data flows based on bandwidth, as claimed in the '122 Patent, without the authority of Net Navigation.

15.     Without limitation, Defendant Cisco directly and indirectly infringes claims of the '122 Patent by making, selling, and causing its customers to use, networking products capable of providing priority to different data flows based on bandwidth, such as, without limitation, the Cisco ASR 1000 Series Aggregation Services Routers.

16.     Without limitation, Defendant AT&T directly and indirectly infringes claims of the '122 Patent by using, and causing its customers to use, networking products capable of providing priority to different data flows based on bandwidth, such as, without limitation, the Cisco ASR 1000 Series Aggregation Services Routers.

17. Net Navigation has been harmed by Defendants' infringing activities.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 5,901,147

18. The allegations set forth in the foregoing paragraphs 1 through 17 are incorporated into this Second Claim for Relief.

19. On May 4, 1999, the 5,901,147 Patent ("the '147 Patent"), entitled "Apparatus and Methods to Change Thresholds to Control Congestion in ATM Switches," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '147 Patent is attached as Exhibit B to this Complaint.

20. Net Navigation is the assignee and owner of the right, title and interest in and to the '147 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

21. In violation of 35 U.S.C. § 271, Defendants have directly infringed the '147 Patent by making, using, importing, selling, and/or offering for sale in the United States, including within this judicial district, networking products that are capable of using queue management to control congestion, as claimed in the '147 Patent, without the authority of Net Navigation.

22. Without limitation, Defendant Cisco directly and indirectly infringes claims of the '147 Patent by making, selling, distributing, and causing its customers to use networking products that are capable of using queue management to control congestion, such as, without limitation, the Cisco ASR 1000 Series Aggregation Services Routers.

23. Without limitation, Defendant AT&T directly and indirectly infringes claims of the '147 Patent by using, and causing its customers to use, networking products that are capable

of using queue management to control congestion, such as, without limitation, the Cisco ASR 1000 Series Aggregation Services Routers.

24. Net Navigation has been harmed by Defendants' infringing activities.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 6,434,145 B1

25. The allegations set forth in the foregoing paragraphs 1 through 24 are incorporated into this Third Claim for Relief.

26. On August 13, 2002, the 6,434,145 B1 Patent ("the '145 Patent"), entitled "Process of Network Data by Parallel Processing Channels," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '145 Patent is attached as Exhibit C to this Complaint.

27. Net Navigation is the assignee and owner of the right, title and interest in and to the '145 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

28. In violation of 35 U.S.C. § 271, Defendants have directly infringed the '145 Patent by making, using, importing, selling, and/or offering for sale in the United States, including within this judicial district, networking products that use parallel processing channels, as claimed in the '145 Patent, without the authority of Net Navigation.

29. Without limitation, Defendant Cisco directly and indirectly infringes claims of the '145 Patent by making, selling, distributing, and causing its customers to use, networking products that use parallel processing channels, such as, without limitation, the Cisco ASR 1000 Series Aggregation Services Routers.

30. Without limitation, Defendant AT&T directly and indirectly infringes claims of the '145 Patent by using, and causing its customers to use, networking products that use parallel

processing channels, such as, without limitation, the Cisco ASR 1000 Series Aggregation Services Routers.

31. Net Navigation has been harmed by Defendants' infringing activities.

### COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 6,307,860 B1

32. The allegations set forth in the foregoing paragraphs 1 through 31 are incorporated into this Fourth Claim for Relief.

33. On October 23, 2001, the 6,307,860 B1 Patent ("the '860 Patent"), entitled "Systems and Methods for Data Transformation and Transfer in Networks," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '860 Patent is attached as Exhibit D to this Complaint.

34. Net Navigation is the assignee and owner of the right, title and interest in and to the '860 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

35. In violation of 35 U.S.C. § 271, Defendants have directly infringed the '860 Patent by making, using, importing, selling, and/or offering for sale in the United States, including within this judicial district, networking products having multi-processing systems, as claimed in the '860 Patent, without the authority of Net Navigation.

36. Without limitation, Defendant Cisco directly and indirectly infringes claims of the '860 Patent by making, selling, distributing, and causing its customers to use, networking products having multi-processing systems, such as, without limitation, the Cisco ASR 1000 Series Aggregation Services Routers.

37. Without limitation, Defendant AT&T directly and indirectly infringes claims of the '860 Patent by using, and causing its customers to use, networking products having multi-

processing systems, such as, without limitation, the Cisco ASR 1000 Series Aggregation Services Routers.

38. Net Navigation has been harmed by Defendants' infringing activities.

## JURY DEMAND

39. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Net Navigation demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Net Navigation demands judgment for itself and against Defendants as follows:

A. An adjudication that Defendants have infringed the '122 Patent, the '147 Patent, the '145 Patent, and the '860 Patent;

B. An award of damages to be paid by Defendants adequate to compensate Net Navigation for their past infringement of the '122 Patent, the '147 Patent, the '145 Patent, and the '860 Patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, and expenses;

C. That this Court order an accounting of all infringing acts including, but not limited to, those acts not presented at trial, and award Net Navigation damages for any such acts;

D. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

E. An award to Net Navigation of such further relief at law or in equity as the Court deems just and proper.

Dated: October 14, 2011

Respectfully submitted,


By: /s/ James C. Tidwell
    James C. Tidwell
    State Bar No. 20020100

WOLFE, TIDWELL & McCOY, LLP
320 North Travis Street, Suite 205
Sherman, Texas 75090
(903) 868-1933
(903) 892-2397 FAX

**Attorneys for Plaintiff
Net Navigation Systems, LLC**

___